IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIJAH THOMPSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-2920 |
| | : | |
| MICHAEL J. KOURY, JR., *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                                        **NOVEMBER 22, 2021**

Plaintiff Elijah Thompson, a convicted prisoner currently incarcerated at SCI-Frackville, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Thompson has also filed a Second Motion for Leave to Proceed *in Forma Pauperis* together with an inmate account statement (ECF Nos. 8 and 9.)[1] For the following reasons, Thompson will be granted leave to proceed *in forma pauperis,* and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTUAL ALLEGATIONS**[2]

Thompson names as Defendants the Honorable Michael J. Koury, Jr., Lieutenant Jeremy Ackerman (an inmate records coordinator at the Northampton County Jail), an unidentified

---

[1] Thompson's first motion to proceed *in forma pauperis* was denied without prejudice because he did not file a certified copy of his inmate account statement. (ECF No. 4.) He next filed a new motion with a one-month account statement. (ECF Nos. 6 and 7.) This does not satisfy the requirements of 28 U.S.C. § 1915(a)(2) and this motion (ECF No. 6.) will be denied. His most recently filed Second Motion for Leave to Proceed *in Forma Pauperis* is properly supported with a certified copy of Thompson's inmate account statement covering the six-month period prior to the filing of this action. (ECF Nos. 8 and 9.) This motion will be granted.

[2] The allegations set forth in this Memorandum are taken from Thompson's Complaint. The Court adopts the pagination assigned by the CM-ECF docketing system.

"Facility Parole Officer" at Adult Probation,[3] and an unidentified "Inmate Records Coordinator" at SCI-Frackville. (*Id.* at 2-3.) Judge Koury is sued in his individual capacity; the remaining Defendants are sued in their individual and official capacities. (*Id.*)

Thompson claims that he was unconstitutionally detained beyond his "Court assigned maximum release date." (*Id.* at 4.) According to the Complaint, charges were filed against Thompson on May 6, 2019 and he was taken to SCI-Phoenix on May 7, 2019 pending disposition of those charges. (*Id.*) On August 28, 2019, a sentence of 3 to 12 months was imposed on Thompson, to run concurrently with previously imposed sentences. Additionally, Thompson was to receive credit for all time served in connection with the May 6, 2019 charges. Thompson claims that his sentence expired on May 7, 2020 and he was not paroled until June 16, 2020. (*Id.*)

Thompson alleges that the inmate records coordinators failed to notify prison officials of his sentence. The Northampton County Adult Probation and Parole Department failed to release Thompson from supervision, failed to interview him to discuss the terms of his release, and failed to release him at the end of his sentence. Judge Koury, who is alleged to have handled Thompson's sentencing "ultimately makes all release decisions in cases of County parole and failed to release [Thompson] at the end of [his] total jail sentence." (*Id.* at 5.)

Based on the foregoing, Thompson asserts claims under 28 U.S.C. § 1983, based upon violations of his Fourteenth Amendment Due Process rights, his Eighth Amendment right to be free from cruel and unusual punishment, his Fourth Amendment right to be free of unreasonable seizures and his right to equal protection under the law. (*Id.* at 3.). He alleges that the violation

---

[3] The Court assumes Thompson is referring to the Northampton County Adult Probation Department.

2

of his civil rights resulted in psychological trauma and emotional distress. (*Id.* at 5.) He seeks recovery of compensatory damages in the amount of $5,000 per day that he was held beyond his maximum release date. (*Id.*)

Review of the public docket in *Commonwealth v. Thompson*, No. CP-48-CR-1901-2019 (C.P. Northampton), reveals that on August 28, 2019, Thompson entered into a negotiated guilty plea to charges of resisting arrest and disorderly conduct, and was sentenced to three to twelve months confinement. Thompson was to receive credit for time served in custody on the charges and his sentence was to run "concurrent to all others." On June 16, 2020, Judge Koury entered an Order granting a Motion for Parole. On October 8, 2020, Judge Koury denied a motion for credit for time served. On March 23, 2021, Thompson filed a petition under the Post-Conviction Relief Act. His appointed counsel filed a no merit letter on June 17, 2021. Thompson filed an appeal to the Superior Court on June 24, 2021. On August 11, 2021, the Superior Court entered an Order quashing Thompson's appeal as interlocutory. *Commonwealth v. Thompson*, 1260 EDA 2021 (Pa. Super. Ct.). The trial court docket reflects that Thompson is also pursuing habeas relief in the underlying criminal case.

## II. STANDARD OF REVIEW

Because Thompson appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

---

[4] Because Thompson is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments.

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Thompson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). For the following reasons, Thompson's Complaint must be dismissed.

    **A.   Immunity**

        **1.   Claims Against the Northampton County Adult Probation Department**

Thompson asserts a claim against the Northampton County Adult Probation Department, based on his assertion that that Office failed to release Thompson from supervision, failed to interview him to discuss the terms of his release, and failed to release him at the end of his sentence.  The United States Court of Appeals for the Third Circuit has repeatedly held that "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity."  *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 197 (3d Cir. 2008) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment)).  As Pennsylvania has not waived its sovereign immunity, and because Congress has not explicitly abrogated immunity through authorizing legislation, the Eleventh Amendment operates as a bar to claims for damages under § 1983 against the Northampton County Adult Probation Department.  The claims against the Department will be dismissed with prejudice.

### 2.     Claims Against Judge Koury

Thompson asserts a claim against Northampton President Judge Koury and seeks recovery of compensatory damages.  However, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir.

5

1997)). Thompson alleges that Judge Koury presided at Thompson's sentencing and "ultimately makes all release decisions in cases of County parole and failed to release [Thompson] at the end of [his] total jail sentence." (ECF No. 2 at 5.) Because Judge Koury is not alleged to have acted outside the scope of his judicial capacity, or without jurisdiction, he is absolutely immune from suit and he claims against him will be dismissed with prejudice.

### B. Official Capacity Claims

Thompson includes official capacity claims against Defendant Ackerman, the inmate records coordinator at Northampton County Jail, the unidentified Facility Parole Officer at Adult Probation, and the unknown records coordinator at SCI-Frackville. These official capacity claims will be dismissed for the following reasons.

#### 1. Claims Against SCI-Frackville Inmate Records Coordinator and "Facility Parole Officer" at Adult Probation

Thompson's official capacity claims for money damages against the Inmate Records Coordinator at SCI-Frackville and the unidentified Facility Parole Office at Adult Probation are barred by the Eleventh Amendment. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.[5] *A.W.*, 341 F.3d

---

[5] However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983. *See Hafer*, 502 U.S. at 31. Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities. *Id.* The Eleventh Amendment also does not generally bar prospective declaratory or injunctive relief. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining that "official-capacity actions for prospective relief are not treated as actions against the State"); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016).

at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court. Accordingly, the official capacity claims against the employee of the Northampton County Adult Probation Department, which must be deemed to be a claim against the Commonwealth, as well as the claim against the employee of SCI-Frackville, which must be deemed to be a claim against the Pennsylvania Department of Corrections, are dismissed with prejudice. *See Ferretti v. Northampton Cty. Jail*, Civ. A. No. 21-3530, 2021 WL 4306054, at *4 (E.D. Pa. Sept. 22, 2021) (holding that official capacity claim against Northampton County Probation Department probation officer is treated as a claim against the Commonwealth and barred by the Eleventh Amendment) (citing *A.W.*, 341 F.3d at 238); *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania' s Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity").

### 2. Claims Against Northampton County Jail Inmate Records Coordinator

Thompson also asserts an official capacity claim for money damages against Defendant Ackerman, an inmate records coordinator at the Northampton County Jail. Claims against municipal officials named in their official capacity are indistinguishable from claims against the local government entities that employ them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than

7

name, to be treated as a suit against the entity." *Id.* To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Thompson has not identified any custom or policy that caused the alleged constitutional violation, and, as a result, has not stated a plausible claim against Northampton County. Accordingly, his official capacity claim against Ackerman is dismissed.[6]

    **C.**    ***Heck v. Humphrey*** **Bars Thompson's Claims**

Thompson's individual capacity claims against Ackerman, the unidentified employee of SCI-Frackville, and the unidentified Northampton County probation officer also must be dismissed. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

---

[6] To the extent Thompson purports to assert a claim against Northampton County based on a theory of *respondeat superior*, he cannot do so. Local governments can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 665-83 (1978). This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). Because there is no *respondeat superior* for municipal liability under § 1983, the claim against Northampton County is dismissed.

writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The doctrine set forth in *Heck* has been extended to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cty. Court House*, No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012). Since Thompson has not litigated the calculation of his sentence to a successful conclusion, his civil rights claims based on the allegedly erroneous calculation of that sentence may not proceed at this time because success on those claims would necessarily imply the invalidity of his sentence and related imprisonment. *See e.g.*, *Abbott v. Pennsylvania Dep't of Corr.*, 426 F. App'x 42, 43 (3d Cir. 2011) (per curiam) ("Under *Heck*, as relevant here, a civil-rights plaintiff cannot recover damages for harm caused by actions that implicate the length of his confinement unless he can prove that the erroneous calculation has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief.").

**IV.   CONCLUSION**

For the reasons stated, Thompson's application for leave to proceed *in forma pauperis* will be granted. The following claims are dismissed with prejudice: (1) all claims against the Northampton Adult Probation Department; (2) all claims against Judge Koury; and (3) the official capacity claims against the unidentified employee of SCI-Frackville and the unidentified Northampton County probation officer. The individual and official capacity claims against Ackerman, the individual capacity claims against the unidentified inmate records coordinator at

SCI-Frackville and the individual capacity claims against the unidentified Northampton County probation officer are dismissed without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  Thompson may reassert the claims dismissed without prejudice in a new civil action in the event his underlying sentence is reversed, vacated, or otherwise invalidated.  Thompson will not be permitted to amend at this time because the Court concludes that any attempt at amendment would be futile.   An appropriate Order follows.

                              **BY THE COURT:**

                              <u>**/s/ Jeffrey L. Schmehl**</u>
                              **JEFFREY L. SCHMEHL, J.**