IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIJAH THOMPSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-2920 |
| | : | |
| MICHAEL J. KOURY, JR., *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 22nd day of November, 2021, upon consideration of Elijah Thompson's Second Motion to Proceed *In Forma Pauperis* (ECF No. 8), Prisoner Trust Fund Account Statement (ECF No. 9), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.[1]

2. Elijah Thompson, #ME1731 shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI-Frackville or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Thompson's inmate account; or (b) the average monthly balance in Thompson's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Thompson's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's

---

[1] Thompson's motion for leave to proceed *in forma pauperis* (ECF No. 6) is **DENIED**.

income credited to Thompson's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of SCI-Frackville.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons in the Court's Memorandum as follows:

    a. All claims against the Northampton Adult Probation Department, all claims against Michael J. Koury, Jr., the official capacity claims against the unidentified employee of SCI-Frackville, and the official capacity claims against the unidentified Facility Parole Officer at Adult Probation are **DISMISSED WITH PREJUDICE**;

    b. The individual and official capacity claims against Lt. Jeremy Ackerman, the individual capacity claim against the unidentified inmate records coordinator at SCI-Frackville, and the individual capacity claim against the unidentified Facility Parole Officer at Adult Probation are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal of these claims is without prejudice to Thompson filing a new civil action only in the event his underlying sentence is reversed, vacated, or otherwise invalidated.

6. The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

                                      /s/ Jeffrey L. Schmehl
                                **JEFFREY L. SCHMEHL, J.**